**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| ASHLEY PETERS, <br><br> Plaintiff, <br><br> v. <br><br> AVANTEUSA, LTD. and CAPIO PARTNERS, LLC, <br><br> Defendants. | CAUSE NO.: 4:17-CV-97-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant Capio Partners, LLC's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 18]. The Motion is briefed and is ripe for ruling. For the reasons stated below, this Motion is GRANTED.

**PROCEDURAL BACKGROUND**

Plaintiff filed her Complaint on December 8, 2017, alleging that Defendant AvanteUSA, Ltd., violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, by "sending her collection letters, and calling her and her family" to collect on a debt that she did not owe. Compl. ¶¶ 1–2, 48, ECF No. 1. On July 14, 2018, Plaintiff filed an Amended Complaint adding Capio Partners, LLC ("Capio") as a defendant and alleging that it "made false representations as to the legal status of a debt in connection with the sale, transfer, or assignment of a debt to another debt collector, with the knowledge that the purchaser, transferee, or assignee intended to initiate or continue attempts to collect the debt." Am. Compl. ¶ 84, ECF No. 7. The Amended Complaint also alleges, "Capio represented that the debt was not disputed when it transferred the debt to debt collectors, including but not limited to [AvanteUSA], with

1

knowledge that the transferee debt collector intended to initiate or continue attempts to collect the debt." *Id.* ¶ 85.

After Plaintiff filed her Amended Complaint, Defendant Capio Partners, LLC filed the instant Motion, seeking dismissal of Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a more definitive statement under Rule 12(e). Mot. to Dismiss Pl.'s Am. Compl. at 1, ECF No. 18.

## LEGAL STANDARD

"A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the plaintiff, and accepts as true all reasonable inferences that may be drawn from the allegations. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bonnstetter*, 811 F.3d at 973 (citing *Twombly*, 550 U.S. at 555).

## FACTUAL BACKGROUND

The following is taken from Plaintiff's Amended Complaint. Plaintiff was subject to collection efforts on a debt she did not incur. Am. Compl. ¶ 1. At some point Capio owned this

alleged debt and failed to disclose that it was disputed when it sold that debt to AvanteUSA. *Id.* ¶¶ 84–85, 90. After purchasing the debt from Capio, AvanteUSA attempted to collect on that debt from Plaintiff. *Id.* ¶¶ 86–87. On December 11, 2016 AvanteUSA mailed a letter to Plaintiff in an attempt to collect on the debt. *Id.* "Capio communicated to [AvanteUSA] credit information concerning [Plaintiff] that Capio knew or should have known to be false, including the failure to communicate that a disputed debt is disputed." *Id.* ¶ 94.

## ANALYSIS

In its Motion, Capio argues that Plaintiff's Amended Complaint should be dismissed because the statute of limitations on FDCPA claims, 15 U.S.C. § 1692k(d), bars Plaintiff from pursuing her claims against it. Mem. of Law in Supp. of Capio Partners, LLC's Mot. to Dismiss Pl.'s Compl. at 5, ECF No. 19. Capio argues in the alternative that Plaintiff's claims are so vague that it "cannot adduce, or reasonably be expected to adduce, the nature of the [P]laintiff's claims or attempt to respond to them" and moves for a more definite statement under Federal Rule of Civil Procedure 12(e). *Id.* at 7.

Plaintiff argues in response that: 1) a defense based on the statute of limitations is an affirmative defense, and a complaint need not anticipate and overcome affirmative defenses; 2) the "discovery rule" applies to FDCPA claims and extends the statute of limitations here; and 3) the Amended Complaint [ECF No. 7] raises sufficiently detailed claims against Capio such that a more definite statement is unnecessary. Pl.'s Resp. in Opp'n to Def. Capio Partner, LLC's Mot. to Dismiss Pl.'s Am. Compl. at 9–12, ECF No. 29.

**A.      Statute of Limitations**

First the Court will address Plaintiff's arguments regarding the applicability of the statute of limitations. Under the relevant statute of limitations, an action to enforce any liability created

by the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

A defense to a claim based on an applicable statute of limitations is an affirmative defense and is generally not appropriately considered at the Rule 12(b)(6) stage. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Id.*; s*ee also Bonnstetter v. City of Chicago*, 811 F.3d 969, 974 (7th Cir. 2016) ("A statute of limitations defense is properly considered in determining a Rule 12(b)(6) motion when the factual allegations in the complaint establish such a defense."). "To determine 'the date on which the violation occurs,' and thus the starting point for the statute of limitations on [Plaintiff's] FDCPA claim, this court looks to the specific violation alleged." *Jones v. U.S. Bank Nat'l Ass'n*, No. 10 C 0008, 2011 WL 814901, at *4 (N.D. Ill. Feb. 25, 2011) (quoting 15 U.S.C. § 1692k(d)).

Here, the "specific violation alleged" is that Capio sold Plaintiff's disputed debt to AvanteUSA without informing AvanteUSA that the debt was disputed. Am. Compl. ¶¶ 24, 84–85, 90, 92, 94. Capio argues that this sale must necessarily have occurred before December 11, 2016, because AvanteUSA must have purchased the debt from Capio before it began attempting to collect it. Mem. of Law in Supp. of Capio Partners, LLC's Mot. to Dismiss Pl.'s Compl. at 1–2. Plaintiff does not dispute this characterization in her Response, but instead focuses her arguments on an exception to the statute of limitations. Pl.'s Resp. at 1–10.

The Court agrees that December 11, 2016, is the last date that the "specific violation alleged," *Jones*, 2011 WL 814901, at *4, could have occurred because Capio's alleged violation, selling the allegedly disputed debt to AvanteUSA, must have occurred or before the date when

4

AvanteUSA began attempting to collect that debt from Plaintiff. Therefore, to comply with the statute of limitations, Plaintiff must have pled her claims against Capio within one year of the latest possible date that the violation occurred. *See* 15 U.S.C. § 1692k(d). Plaintiff raised her claims against AvanteUSA on December 8, 2017, days before the statute of limitations expired. *See* Compl. at 7. But Plaintiff did not raise her claims against Capio until July 4, 2018. *See generally* Am. Compl.

Therefore, it is apparent from the face of the Amended Complaint that December 11, 2016, is the last date that could have started the clock on a FDCPA claim against Capio. *See* 15 U.S.C. § 1692k(d). Unless Plaintiff can establish that an exception can or could apply, the Court is obliged to dismiss Plaintiff's claims against Capio because Plaintiff did not initiate her claims against Capio until July 14, 2018.

**B.     Exceptions to Statute of Limitations**

Next the Court will address the application of the discovery rule, the only exception that Plaintiff has developed an argument about. *See* Pl.'s Resp. at 9–11. As raised by Plaintiff, the discovery rule refers to a principle which "starts the statute of limitations running only when the plaintiff learns that he's been injured, and by whom." *Id.* at 10 (quoting *Johnson-Morris v. Santander Consumer USA, Inc.*, 194 F. Supp. 3d 757, 764 (N.D. Ill. 2016)).

At the time that this motion was briefed, there was a circuit split on the application of the discovery rule to FDCPA claims. *Compare Lembach v. Bierman*, 528 F. App'x 297, 302 (4th Cir. 2013) (per curiam) (holding that the statute of limitations on FDCPA claims starts to run when the injured party knows or should have known of the injury), *and Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) (same), *with Rotkiske v. Klemm*, 890 F.3d 422, 425 (3d Cir. 2018) (holding that the statute of limitations on FDCPA claims "begins to

run when a would-be defendant violates the FDCPA, not when a potential plaintiff discovers or should have discovered the violation"), *cert. granted*, 139 S. Ct. 1259 (2019), *and aff'd*, 140 S. Ct. 355 (2019).

At the time when briefing on this matter was complete, the Seventh Circuit Court of Appeals had ruled that the discovery rule was generally applicable to claims brought under federal statutes but had not explicitly weighed in on the issue under the FDCPA. *See Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008) ("The statute of limitations begins to run upon injury (or, as is standardly the case with federal claims, upon discovery of the injury).").

Since briefing concluded on the instant motion, the Supreme Court has resolved the circuit split. In *Rotkiske v. Klemm*, the Supreme Court affirmed the Third Circuit Court of Appeals and held that the plain language of section 1692k(d) mandates that the statute of limitations begins to run when the violation of the FDCPA occurs and not when the injured party discovers or should have discovered the violation. 140 S. Ct. 355, 360 (2019) ("Here, the text of § 1692k(d) clearly states that an FDCPA action 'may be brought . . . within one year from the date on which the violation occurs.' That language unambiguously sets the date of the violation as the event that starts the one-year limitations period." (quoting 15 U.S.C. § 1692k(d))). Because the Supreme Court's opinion on this matter is binding, the Court is obliged to reject Plaintiff's discovery rule argument.

That is not quite the end of this matter, as Plaintiff asserts the doctrine of equitable tolling. *Rotkiske* did not address the potential application of equitable doctrines to defeat statute of limitations challenges to FDCPA claims. *Id.* at 361 n.3 ("We do not decide whether the text of 15 U.S.C. § 1692k(d) permits the application of equitable doctrines."). Plaintiff refers, in one

run when a would-be defendant violates the FDCPA, not when a potential plaintiff discovers or should have discovered the violation"), *cert. granted*, 139 S. Ct. 1259 (2019), *and aff'd*, 140 S. Ct. 355 (2019).

At the time when briefing on this matter was complete, the Seventh Circuit Court of Appeals had ruled that the discovery rule was generally applicable to claims brought under federal statutes but had not explicitly weighed in on the issue under the FDCPA. *See Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008) ("The statute of limitations begins to run upon injury (or, as is standardly the case with federal claims, upon discovery of the injury).").

Since briefing concluded on the instant motion, the Supreme Court has resolved the circuit split. In *Rotkiske v. Klemm*, the Supreme Court affirmed the Third Circuit Court of Appeals and held that the plain language of section 1692k(d) mandates that the statute of limitations begins to run when the violation of the FDCPA occurs and not when the injured party discovers or should have discovered the violation. 140 S. Ct. 355, 360 (2019) ("Here, the text of § 1692k(d) clearly states that an FDCPA action 'may be brought . . . within one year from the date on which the violation occurs.' That language unambiguously sets the date of the violation as the event that starts the one-year limitations period." (quoting 15 U.S.C. § 1692k(d))). Because the Supreme Court's opinion on this matter is binding, the Court is obliged to reject Plaintiff's discovery rule argument.

That is not quite the end of this matter, as Plaintiff asserts the doctrine of equitable tolling. *Rotkiske* did not address the potential application of equitable doctrines to defeat statute of limitations challenges to FDCPA claims. *Id.* at 361 n.3 ("We do not decide whether the text of 15 U.S.C. § 1692k(d) permits the application of equitable doctrines."). Plaintiff refers, in one

sentence of her brief, to the application of the doctrine of equitable tolling. She writes specifically, "Even if Ms. Peters had stated in her Complaint that her claim for relief was premised on a date more than a year before she filed her complaint, she would still be able to show that equitable tolling defeats a statute of limitations challenge." Pl.'s Resp. at 9. Plaintiff does not develop any argument regarding equitable tolling and does not cite any applicable caselaw.

The Court concludes that Plaintiff has waived any argument regarding the application of equitable tolling at this stage. "[I]t is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver." *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002) (quotation omitted); *see also Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) (rejecting an argument as waived because it was mentioned in appellant's opening brief in three sentences with no citation to authority); *Keller v. United States*, 58 F.3d 1194, 1198–99 (7th Cir. 1995) ("[I]t is not the responsibility of this court to make arguments for the litigants."). Here, Plaintiff has presented even less of an argument than the appellant in *Gross*. Plaintiff mentions equitable tolling in one sentence of her 12-page brief, cites to no legal authority on the topic, and does not even define equitable tolling.[1]

And even if Plaintiff had adequately presented an argument that equitable tolling should apply to her claims against Capio, it appears that such an argument would be doomed to failure. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

---

[1] The Court also notes that Capio filed a Notice of Filing of Supplemental Authority in Support of Capio Partners, LLC's Motion to Dismiss [ECF No. 41] on December 11, 2019, to bring *Rotkiske* to the Court's attention. In the three months that have followed Plaintiff has not responded to that Notice or brought a motion for supplemental briefing on this matter.

timely filing." *Bilik v. Hardy*, No. 13-CV-01432, 2017 WL 1196967, at *2 (N.D. Ill. Mar. 31, 2017) (quoting *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (internal quotation marks omitted)). Unlike the discovery rule, when equitable tolling applies it only benefits a party for the time where its conditions are met. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir. 1990) ("[Equitable tolling] gives the plaintiff extra time if he needs it. If he doesn't need it there is no basis for depriving the defendant of the protection of the statute of limitations.").

As to the first prong, accepting everything in the amended complaint as true along with all reasonable inferences, by December 11, 2016, Plaintiff knew that AvanteUSA was a potential defendant.[2] Despite this, she waited until mere days before the statute of limitations expired as to AvanteUSA before initiating this lawsuit. *Cf. Farzana K. v. Indiana Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007) ("Waiting until the last hours is not diligent; the errors that often accompany hurried action do not enable the bungling lawyer to grant himself extra time."). Further, although she neglected to allege this information in either her Complaint or Amended Complaint, Plaintiff argues in her response brief that she had received a call from an unknown entity that was also involved in the attempt to collect the debt she owed. Pl.'s Resp. at 5. Accepting this as true, Plaintiff knew or should have known that discovery was necessary to uncover the identity of this unknown party, and yet she still waited until December 7, 2017, to file her complaint. All this leads the Court to conclude that it appears Plaintiff could not meet the first prong of equitable tolling even if that argument were properly before the Court. *Cf. Cada*, 920 F.2d at 453 ("When as here the necessary information is gathered after the claim arose but

---

[2] Plaintiff does not argue that her Amended Complaint relates back under Federal Rule of Civil Procedure 15(c). And even if she did, Rule 15(c)(3) "does not permit relation back where . . . there is a lack of knowledge of the proper party" as the case would be here. *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) (quoting *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)).

before the statute of limitations has run, the presumption should be that the plaintiff could bring suit within the statutory period and should have done so.").[3]

As to the second prong, the Court's review of Plaintiff's filings has not uncovered anything that could come remotely close to an "extraordinary circumstance" preventing her from complying with the statute of limitations. *See Socha*, 763 F.3d at 683.[4]

## CONCLUSION

Based on the foregoing, Defendant Capio Partners, LLC's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 18] is GRANTED. Plaintiff's claims against Defendant Capio Partners, LLC are DISMISSED. Plaintiff's claims against AvanteUSA, Ltd. remain pending.

SO ORDERED on April 3, 2020.

                                                          s/ Theresa L. Springmann
                                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                                          UNITED STATES DISTRICT COURT

---

[3] Plaintiff might object on the grounds that the statute of limitations was unclear given the unresolved application of the discovery rule to FDCPA claims at the time she filed her complaint. Case law precludes such an argument. Our Circuit had not weighed in on the application of the discovery rule to FDCPA claims, and so the state of the law when Plaintiff filed her response brief in this matter was unclear. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("The petitioners' argument that the deadline was unclear also makes no sense, because if it was unclear, they should have filed by the earliest possible deadline, not the latest. The deadline simply was missed. That is not grounds for equitable tolling."). If Plaintiff had been unsure what deadline applied to her claims, it was incumbent on her not to wait until mere days before her claim was barred as to AvanteUSA before initiating this matter and availing herself of the powers of discovery under the Federal Rules of Civil Procedure.

[4] Because the Court is dismissing Plaintiff's claims against Capio, there is no need to address Capio's alternate request for a more definite statement.